UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 7:08-cv-196 |
| 0.98 ACRES OF LAND, more or less, | ) | |
| situate in HIDALGO COUNTY, STATE | ) | |
| OF TEXAS; and PAMELA RIVAS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPPOSED MOTION OF THE UNITED STATES OF AMERICA
FOR ORDER FOR IMMEDIATE DELIVERY OF POSSESSION**

The United States moves for an order requiring all defendants to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

**I. INTRODUCTION**

The United States requests an Order granting immediate possession of the condemned estate. Acquiring this property is a necessary step in implementing the congressional directive, set forth in the Complaint and Declaration of Taking, to secure the border between the United States and Mexico. Congress specifically provided that the construction determined to be necessary for fulfillment of the congressional directive to secure the border must be completed prior to December 31, 2008. Time is therefore of the essence. Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession on an expedited basis.

**II. BACKGROUND FACTS**

Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Federal Rule of Civil

Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint and a Declaration of Taking and a deposit of estimated just compensation to acquire an interest in the subject property. The United States will use this property to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, and/or related structures to help secure the United States-Mexico border within the State of Texas. *See* Doc. No. 2, Declaration of Taking, Schedules "B" and "D".

Funding to acquire the interest sought in this action was appropriated by the 2007 Department of Homeland Security Appropriations Act ("2007 DHS Appropriations Act"). Doc. No. 2, Declaration of Taking, Schedule "A"; *see* Pub. L. 109-295, Title II, 120 Stat. 1355 (2006) (appropriating funds). The United States deposited $5,500.00 as estimated just compensation.

### III. ARGUMENT AND AUTHORITIES

*A. Because It Acquired this Property Under the Declaration of Taking Act, the United States Is Entitled to Immediate Possession.*

The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. § 3114(b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . ." 40 U.S.C. § 3114(d)(1).

The purpose of the Declaration of Taking Act is to give the government immediate possession of the property and give the owner immediate compensation, in the form of estimated

compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . . Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimate just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. *Id.* at 3-5. In a "straight condemnation" the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation.

In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . . ." *Id*. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." *Id.* at 5. Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . . ." *Id.* at 12. Finally, as

stated in *Narramore v. United States*, 960 F.2d 1048, 1050 (Fed. Cir. 1992), Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects." *Id.*

Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

B.  *The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing by December 31, 2008.*

The United States needs immediate possession of the subject property in order to meet the congressional directive to construct fencing and related infrastructure along the southwest border by December 31, 2008. Consol. Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (Dec. 26, 2007) ("2008 Consolidated Appropriations Act") (amending Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("Illegal Immigration Act")). Although this taking is funded by an earlier appropriation (the 2007 DHS Appropriations Act), the 2008 Consolidated Appropriations Act modified the Illegal Immigration Act to impose a deadline of December 31, 2008, for all fence construction. The 2008 Consolidated Appropriations Act directs the Secretary of Homeland Security to "identify [locations] along the southwest border where fencing would . . . . most effective[ly] deter[] smugglers and aliens attempting to gain illegal entry into the United States . . . ." *Id.* The 2008 appropriation further directs the Secretary to complete construction of fencing in these locations not later than December 31, 2008. *Id.*

The United States needs to acquire the subject property in order to begin the construction

required to comply with Congress' directive.  Exhibit 1, Affidavit in Support of Motion for Immediate Possession; *see* Consol. Appropriations Act, 2008, Pub. L. 110-161, 121 Stat. 1844 (establishing construction deadline for fence and related infrastructure); 2007 DHS Appropriations Act, Pub. L. 109-295, Title II, 120 Stat. 1355 (appropriating funds for current taking).  As a result, acquiring immediate possession of the property for the United States is a necessary step toward meeting the construction deadline established by Congress.  Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

## IV.  CONCLUSION

Based on the foregoing, the United States of America submits that it is entitled to entry of an order of immediate possession as requested in its motion. Counsel for the government conferred with counsel for the landowner and he is opposed to the relief sought.

Respectfully submitted,

DONALD J. DeGABRIELLE, JR.
United States Attorney

By:       /s/   *Daniel David Hu*
DANIEL DAVID HU
Deputy Civil Chief
Daniel.Hu@usdoj.gov
Texas Bar No. 10131415
P.O. Box 61129
Houston, Texas 77208-1129
Tel: (713) 567-9518
Fax: (713) 718-3303

Attorney-in-Charge for Plaintiff

CERTIFICATE OF CONFERENCE AND SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via electronic mail to the following counsel:

Jerome Wesevich  jwesevich@trla.org
Texas RioGrande Legal Aid, Inc.

/s/ *Daniel David Hu*
DANIEL DAVID HU
Assistant United States Attorney