United States District Court
Southern District of Texas
ENTERED

JAN 2 0 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 0.98 ACRES OF LAND, more or less, situated § <br> in HIDALGO COUNTY, STATE OF TEXAS; § <br> and PAMELA RIVAS, ET AL., § | Civil Action No. M-08-196 |

**ORDER**

I.  PROCEDURAL HISTORY AND NATURE OF THE OBJECTIONS

Plaintiff, United States of America (the "United States"), filed a complaint in condemnation and a declaration of taking against Defendant Pamela Rivas ("Defendant") and her property under the authority granted by 8 U.S.C. § 1103(b)(3) and 40 U.S.C. § 3113. (Docket Nos. 1, 2). The United States seeks a fee simple, perpetual road easement, and temporary access easements in a part of a tract of Defendant's land to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, and related structures designed to help secure the United States-Mexico border within the State of Texas. (Docket No. 2 at Schedules B, E).

The United States filed a Motion for Order of Possession of the subject property interest on July 10, 2008. (Docket No. 5). This Court held a hearing on the Defendant's objections to the motion on August 7, 2008 and ordered the United States to produce additional information to the Defendant concerning the taking. (Docket No. 11). Defendant was given until September 12, 2008 to renew any of its objections to the motion for possession. (*Id.*)

On September 12, 2008, Defendant renewed its objections, asserting:

(1) The survey provided by the United States does not reflect whether a dirt road on the Defendant's property will be blocked off by the fence; and

(2) The United States has not adequately negotiated concerning the value of the property to be taken and the damage to the parent tract.

(Docket No. 14).

II. DISCUSSION

A. Access and the Location of the Dirt Road

The United States complied with this Court's scheduling order by providing the Defendant with a metes and bounds survey of the property to be condemned. The Defendant only objects to the survey to the extent that the survey does not show whether a dirt road will be impacted by the taking. Based on the provision of a metes and bounds survey and the Defendant's superior knowledge of her own property, the Defendant can determine if and how her dirt road will be impacted by the taking. Defendant's objection to the survey is overruled given her superior knowledge of her own property.

B. Negotiation

Defendant requests additional negotiations with the United States concerning the value of the property being taken and the damage to the parent tract. The parties have met in person on September 8, 2008 and discussed the taking over the phones several times. Defendant makes no objection to the parent tract data nor the breakdown in compensation provided by the Government in compliance with this Court's scheduling order. As the Defendant has not objected to the Government's description of the parent tract or the breakdown in compensation, it is unclear on what basis the Defendant is now claiming the United States did not give adequate consideration to the

parent tract during negotiations. Defendant's objection concerning damages to the parent tract, while an issue which may ultimately have to be resolved at trial, is not a defense to the Plaintiff's motion for possession and is overruled. Similarly, Defendant's vague objection to the valuation of the property without a corresponding objection to the breakdown in compensation for the taking provided to the Defendant is not a defense to the Plaintiff's motion for possession and is overruled.

III.  ORDER ON POSSESSION

Having overruled the Defendant's objections to the United States's Motion for Possession, the Court finds the following support for the Plaintiff's motion:

Plaintiff, United States of America, filed a complaint in condemnation and declaration of taking against the Defendant and her property under the authority granted by 8 U.S.C. § 1103(b)(3) and 40 U.S.C. § 3113. (Docket Nos. 1, 2). The Plaintiff seek a fee simple, perpetual road easement, and temporary access easements, as set out in the attachments below, in the Defendant's property to construct, install, operate and maintain roads, fencing, vehicle barriers, security lighting and related structures designed to help secure the United States-Mexico border within the State of Texas. (Docket No. 2 at Schedules B, E). Plaintiff deposited the sum of $5,500.00 as the estimated just compensation into the Registry of this Court on July 1, 2008.

This Court, therefore, **ORDERS** that the Defendant and all persons who own or claim ownership, possession and/or control of the property described in the attachment to this order must grant Plaintiff an estate in fee simple, perpetual road easement, and temporary access easements, subject to the reservations and exceptions described in the attachments below. Since Plaintiff has already made a deposit in this action, Plaintiff's right to possession of the estate will begin as of the date of this order.

Plaintiff is hereby **ORDERED** to consult with the landowner and/or occupiers of the property in question prior to the exercising the rights given in this order and, if needed, during the exercise of these rights, to resolve: (1) when and how the United States will take possession of the property; (2) the steps Plaintiff will take to minimize the impact on the environment, culture, commerce and quality of life for the Defendant; and (3) all duties owed by the Government to the Defendant arising as a result of the taking of a fee simple estate under applicable federal and state laws, including, but not limited to, the Uniform Relocation Assistance and Real Property Acquisition Act, if applicable. This court will make itself available, if needed, for the resolution of any disputes, but it expects all parties to act cooperatively and with due concern for the rights and needs of the other parties in the implementation of this order.

It is further **ORDERED** that a copy of this order shall be served by the Plaintiff upon all owners, all persons claiming ownership, and all persons in possession or control of the properties to the extent these are known.

Signed, this the 20th day of January, 2009.

_____
Andrew S. Hanen
United States District Judge

# [ATTACHMENT A]

FEE, EXCLUDING MINERALS

Hidalgo County, Texas

Tract: RGV-MCS-1004          Owner: Pamela Rivas, et al.          Acres: 0.41

BEING a certain tract of land containing 0.41 acres, more or less, of 2.61 acres, more or less, situated in Block 101 of the Los Ebanos Village Subdivision, of the partition of Porciones 38, 39, and 40, Hidalgo County, Texas, being more particularly described as follows:

BEING a strip of land approximately 60 feet in width and approximately 300 feet in length, which crosses the land of the subject owner, and contains 0.41 acres, more or less, located within the western one-third of the 2.61 acre parent tract, and as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed of Gift from Ines G. Rivas, Sr. a/k/a/ Inez G. Rivas and Oralia S. Rivas to Pamela Rivas, dated March 23, 2006, and filed for record on March 24, 2006, in Volume 7, Page 13210, as Instrument No. 2006-1594667, in the Deed Records of Hidalgo County, Texas, according to and being the same land as that shown on map recorded in Volume 13, Page 47 of the Map

Records of Hidalgo County, Texas. This tract is further identified as Hidalgo County Appraisal District, Property ID. No. R221782.

Tract: RGV-MCS-1004

PERPETUAL ROAD EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-1        Owner: Pamela Rivas, et al.        Acres: 0.37

BEING a certain tract of land containing 0.37 of an acre, more or less, of 2.61 acres, more or less, situated in Block 101 of the Los Ebanos Village Subdivision, of the partition of Porciones 38, 39, and 40, Hidalgo County, Texas, being more particularly described as follows:

BEING a strip of land starting at the north edge of the right-of-way of a public road in the southeast corner of said block and running northwesterly, said strip being approximately 40 feet in width and approximately 399 feet in length, which crosses the land of the subject owner, and contains 0.37 of an acre, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed of Gift from Ines G. Rivas, Sr. a/k/a/ Inez G. Rivas and Oralia S. Rivas to Pamela Rivas, dated March 23, 2006, and filed for record on March 24, 2006, in Volume 7, Page 13210, as Instrument No.2006-1594667, in the Deed Records of Hidalgo County, Texas, according to and being the same land as that shown on map recorded in Volume 13, Page 47 of the Map

Records of Hidalgo County, Texas This tract is further identified as Hidalgo County Appraisal District, Property ID. No. R221782.

Tract: RGV-MCS-1004E-1

TEMPORARY ACCESS EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-2         Owner: Pamela Rivas, et al.         Acres: 0.10

BEING a certain tract of land containing 0.10 of an acre, more or less, of 2.61 acres, more or less, situated in Block 101 of the Los Ebanos Village Subdivision, of the partition of Porciones 38, 39, and 40, Hidalgo County, Texas, being more particularly described as follows:

BEING a strip of land starting at the north edge of the right-of-way of a public road in the southeast corner of said block and running northwesterly adjacent to the north side of the perpetual easement, said strip being approximately 10 feet in width and approximately 421 feet in length, which crosses the land of the subject owner, and contains 0.10 of an acre, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed of Gift from Ines G. Rivas, Sr. a/k/a/ Inez G. Rivas and Oralia S. Rivas to Pamela Rivas, dated March 23, 2006, and filed for record on March 24, 2006, in Volume 7, Page 13210, as Instrument No.2006-1594667, in the Deed Records of Hidalgo County, Texas, according to and being the same land as that shown on map recorded in Volume 13, Page 47 of the Map Records of Hidalgo County, Texas.

This tract is further identified as the Hidalgo County Appraisal District, Property ID No. R221782.

Tract: RGV-MCS-1004E-2

TEMPORARY ACCESS EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-3     Owner: Pamela Rivas, et al.     Acres: 0.09

BEING a certain tract of land containing 0.09 of an acre, more or less, of 2.61 acres, more or less, situated in Block 101 of the Los Ebanos Village Subdivision, of the partition of Porciones 38, 39, and 40, Hidalgo County, Texas, being more particularly described as follows:

BEING a strip of land starting at the north edge of the right-of-way of a public road in the southeast corner of said block and running northwesterly adjacent to the south side of the perpetual easement, said strip being approximately 10 feet in width and approximately 363 feet in length, which crosses the land of the subject owner, and contains 0.09 of an acre, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed of Gift from Ines G. Rivas, Sr. a/k/a/ Inez G. Rivas and Oralia S. Rivas to Pamela Rivas, dated March 23, 2006, and filed for record on March 24, 2006, in Volume 7, Page 13210, as Instrument No.2006-1594667, in the Deed Records of Hidalgo County, Texas, according to and being the same land as that shown on map recorded in Volume 13, Page 47 of the Map Records of Hidalgo County, Texas.

This tract is further identified as the Hidalgo County Appraisal District, Property ID No. R221782.

Tract: RGV-MCS-1004E-3

TEMPORARY ACCESS EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-4         Owner: Pamela Rivas, et al.         Acres: 0.01

BEING a certain tract of land containing 0.01 acres, more or less, of 2.61 acres, more or less, situated in Block 101 of the Los Ebanos Village Subdivision, of the partition of Porciones 38, 39, and 40, Hidalgo County, Texas, being more particularly described as follows:

BEING a strip of land in the southeast corner of said block and running adjacent to the east line of said block, said strip being approximately 10 feet in width and approximately 36 feet in length, which crosses the land of the subject owner, and contains 0.01 acres, more or less, as shown on the attached map.

IT IS THE INTENT of the foregoing description to include a part of the same land as that in a Deed of Gift from Ines G. Rivas, Sr. a/k/a/ Inez G. Rivas and Oralia S. Rivas to Pamela Rivas, dated March 23, 2006, and filed for record on March 24, 2006, in Volume 7, Page 13210, as Instrument No.2006-1594667, in the Deed Records of Hidalgo County, Texas, according to and being the same land as that shown on map recorded in Volume 13, Page 47 of the Map Records of Hidalgo County, Texas.

This tract is further identified as the Hidalgo County Appraisal District, Property ID No. R221782.

                                        Tract: RGV-MCS-1004E-4

# [ATTACHMENT B]

ESTATE TAKEN

FEE, EXCLUDING MINERALS

Hidalgo County, Texas

Tract: RGV-MCS-1004          Owner: Pamela Rivas, et al.          Acres: 0.41

The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads and pipelines; excepting and excluding all interests in minerals and the rights appurtenant thereto; reserving the following rights and interests in the property being acquired by the United States as described herein: a perpetual right-of-way on both sides of the Federal border barrier for the purpose of gaining access to condemnee's land on the other side of the border barrier; and, the United States grants to the condemnee a perpetual right-of-way across other lands of the United States along and on both sides of the border barrier to reach and utilize the nearest border barrier gate for the purpose of accessing condemnee's lands on the other side. The purpose of this provision is to clarify that the United States is not prohibiting access to condemnee's remaining lands between the border barrier and the Rio Grande River, but is providing a permanent right-of-way to condemnee and all landowners similarly situated to access the nearest border barrier gate which allows entry to the other side of the border barrier from which unacquired land can be accessed.

ESTATE TAKEN

PERPETUAL ROAD EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-1　　　　Owner: Pamela Rivas, et al.　　　　Acres: 0.37

A perpetual and assignable easement and right-of-way in, over and across the land described in Schedule "C" for the location, construction, operation, maintenance, alteration and replacement of a road and appurtenances thereto; together with the right to trim or remove any vegetative or structural obstacles that interfere with the right-of-way; subject to minerals and rights appurtenant thereto, and to existing easements for public roads, highways, public utilities, railroads and pipelines; reserving, however, to the owners, their successors and assigns, the right to use the surface of such land as access to their adjoining land or for any other use consistent with its use as a road.

ESTATE TAKEN

TEMPORARY ACCESS EASEMENT

Hidalgo County, Texas

Tract: RGV-MCS-1004E-2, E-3, and E-4
Owner: Pamela Rivas, et al.
Acres: 0.20

A temporary and assignable easement and right-of-way in, over and across the land described in Schedule "C" for a period not to exceed 24 months, beginning with date possession of the land is granted to the United States, for the location, construction, operation, maintenance, alteration and replacement of roads and appurtenances thereto; together with the right to trim or remove any vegetative or structural obstacles that interfere with the right-of-way; subject to minerals and rights appurtenant thereto, and to existing easements for public roads, highways, public utilities, railroads and pipelines; reserving, however, to the owners, their successors and assigns, the right to use the surface of such land as access to their adjoining land or for any other use consistent with its use as a road.